UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY LAMONT MOORE #255379,

    Plaintiff,

v.                                                                 Case No. 2:16-CV-91

UNKNOWN ZALEWSKI, et al.,                  HON. GORDON J. QUIST

    Defendants.
    _____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       This is a civil rights action brought by state prisoner Anthony Moore under 42 U.S.C. § 1983 against a number of defendants from the Michigan Department of Corrections. Defendants filed a motion for summary judgment. (ECF No. 55.) Magistrate Judge Timothy Greeley issued a Report and Recommendation (R& R) recommending that the Court grant the motion as to Moore's access to the courts and Eighth Amendment claims, and deny the motion as to Moore's retaliation and conspiracy claims. (ECF No. 71.) Moore filed timely objections. (ECF No. 72.) Defendants did not file an objection.

       Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After

conducting a de novo review of the R & R, Moore's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Moore agrees with the R & R that his claims against Zalewski and Yon and his Eighth Amendment claim should be dismissed. His only objection is to the recommendation that his access to the courts claim be dismissed. The R &R found that Moore failed to allege any prejudice because Moore "merely alleges that Defendant Perttu read his complaint before it was filed and served on Defendant Perttu." (ECF No. 71 at PageID.734.)

Moore argues that the prejudice and "unfair advantage was when Defendant Perttu had read the legal mail, knew how to defend himself, and later falsified documents which . . . help[ed] him prevail [in a prior case]." (ECF No. 72 at PageID.741.) A defendant seeing a complaint against him shortly before being served with the same complaint is insufficient to allege prejudice in an access to the courts claim. *See, e.g.*, *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Moore fails to show how advanced access to the complaint allowed Perttu to create the alleged falsified documents. In other words, Moore has not shown why Perttu needed advanced access to the complaint to allegedly falsify documents, when he just as easily could have done so after formal service.

The only case Moore cites in support of his argument is *Cody v. Weber*, 256 F.3d 764 (8th Cir. 2001), which the R & R already distinguished. There, prison officials read private legal mail—not anything that became a matter of public record, like Moore's complaint.

Therefore,

**IT IS HEREBY ORDERED** that Plaintiff Moore's Objections (ECF No. 72) are **OVERRULED** and the magistrate judge's Report and Recommendation (ECF No. 71) is hereby **APPROVED AND ADOPTED** as the Opinion of this Court.

Defendants Zalewski, Griel, and Yon are dismissed. Moore's access to the courts and Eighth Amendment claims are dismissed. Moore's retaliation claim against Defendants Perttu, Loop, McIntire, Axley, Dabb, and Bull, and Moore's conspiracy claim against Perttu and Loop will proceed.

Dated: June 28, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE